IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

FILED
NOV 2 0 2013
ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ DEPUTY

LINDA HOLT, )
)
    Petitioner, )
)
vs. ) No. CIV-12-1032-W
)
MILLICENT NEWTON-EMBRY, )
)
    Respondent. )

## ORDER

On October 22, 2013, United States Magistrate Judge Shon T. Erwin issued a Report and Recommendation in this matter and recommended that the Court deny the Petition for Writ of Habeas Corpus ("Petition") filed pursuant to title 28, section 2254 of the United States Code by petitioner Linda Holt, proceeding pro se. Holt was advised of her right to object, and the matter now comes before the Court on Holt's Objection to Report and Recommendation. See Doc. 18.

Holt was convicted on April 21, 2010, in the District Court for Beckham County, Oklahoma, State v. Holt, Case No. CF-2009-270A, after a jury found her guilty of Trafficking in Illegal Drugs (marijuana) in violation of title 63, section 2-415 of the Oklahoma Statutes. Upon the recommendation of the jury, the trial court judge sentenced Holt to a period of incarceration of fifty (50) years and imposed a fine in the amount of $100,000.00.

Holt appealed to the Oklahoma Court of Criminal Appeals ("OCCA"), and the OCCA in a Summary Opinion affirmed her conviction and sentence on October 13, 2011. Holt v. State, Case No. F-2010-721 (Okla. Crim. 2011).

In the instant Petition, Holt has raised the same six (6) grounds for relief that she presented to the OCCA: (1) whether the admission at trial of evidence obtained during an allegedly illegal search and seizure violated her rights under the fourth amendment to the United States Constitution; (2) whether the evidence presented at trial was sufficient to support the jury's verdict; (3) whether she was deprived of her rights to due process and a fair trial by the admission of "bad character evidence" in violation of the fifth and fourteenth amendments to the United States Constitution; (4) whether the trial court judge committed fundamental error by failing to instruct the jury that she would be ineligible for earned credits during her incarceration; (5) whether her sentence is excessive; and (6) whether cumulative error deprived her of due process guaranteed by the fourteenth amendment.

Because Holt's claims were presented to, and denied by, the OCCA, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") permits this Court to grant habeas relief on these same claims only if the OCCA's adjudication was either "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the [United States] Supreme Court . . . ," 28 U.S.C. § 2254(d)(1), or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. § 2254(d)(2).

The Court's review under AEDPA is deferential, e.g., Aycox v. Lytle, 196 F.3d 1174, 1178 (10th Cir. 1999), and Holt is therefore entitled to federal habeas relief only if she has demonstrated that the OCCA's decision "was 'legally or factually unreasonable.'" Gipson v. Jordan, 376 F.3d 1193, 1197-98 (10th Cir. 2004)(quoting Aycox, 196 F.3d at 1178).

Upon de novo review of the record and after applying the foregoing standards to Holt's Petition, the Court concurs with Magistrate Judge Erwin's suggestion that the OCCA's rejection of Holt's claims was not contrary to, and did not involve an unreasonable application of, clearly-established Supreme Court precedent. Accordingly, Holt is not entitled to relief on these claims.

Moreover, as to Holt's first proposition,[1] the United States Supreme Court's decision in Stone v. Powell, 428 U.S. 465 (1976), bars further review, which Holt has conceded in part. See Doc. 18 at 2.[2] In Stone, the Supreme Court held that where the state has provided an opportunity for full and fair litigation of a fourth amendment claim, a state prisoner may not be granted federal habeas relief on the ground that evidence obtained in an unconstitutional search and seizure was introduced at trial. E.g., 428 U.S. at 482. Because, as Magistrate Judge Erwin found, Holt had a full and fair opportunity to litigate this claim both before trial and on appeal, she is not entitled to habeas relief.

As to Holt's second claim for relief, to the extent such claim is based on her challenge to the sufficiency of the evidence, the state appellate court determined:

> [t]aking the evidence in this case in the light most favorable to the State, [the court] find[s] it was sufficient to prove beyond a reasonable doubt that . . . [Holt] was guilty of trafficking in illegal drugs. A rational trier of fact could

---

[1] To the extent that Holt has sought habeas relief in this proposition (or any proposition) due to an alleged violation of state law, in the absence of rare circumstances, she is not entitled to relief. E.g., Estelle v. McGuire, 502 U.S. 62 (1991)(on habeas review, federal court is limited to deciding whether state court conviction violated Constitution, laws or treaties of the United States).

[2] Both on direct appeal, see Doc. 13-1 at 20, and in her Petition, see Doc. 1 at 1-2, Holt relied upon the fourth amendment. To circumvent the bar of Stone v. Powell, 428 U.S. 465 (1976), Holt in her Objection to Report and Recommendation has attempted to recast this argument as one under the due process and equal protection clauses of the fourteenth amendment based upon "unlawful stereotyping." See Doc. 18 at 3.

>have found that . . . [Holt] knowingly possessed twenty-five pounds or more of marijuana beyond a reasonable doubt.

Holt v. State, Case No. F-2010-721, slip op. at 3-4 (citations omitted). The Court finds that the OCCA's determination of this claim was not an unreasonable application of clearly established federal law, as set forth by the Supreme Court in Jackson v. Virginia, 443 U.S. 307 (1979).[3]

In connection with Holt's third claim—admission into evidence of previous "bad acts," considerable deference is given to state court evidentiary rulings, and this Court may not grant habeas relief unless those rulings "'rendered [Holt's] . . . trial so fundamentally unfair that a denial of constitutional rights result[ed].'" Duckett v. Mullin, 306 F.3d 982, 999 (10th Cir. 2002)(quoting Mayes v. Gibson, 210 F.3d 1284, 1293 (10th Cir. 2000)). In light of this standard, the Court cannot find that the trial court judge's rulings were so unduly prejudicial that Holt's trial was fundamentally unfair.

Likewise, the error about which Holt has complained pertaining to the jury instruction regarding her ineligibility to receive earned credits is not reviewable unless the absence of such an instruction deprived her of a fair trial. Because Holt has made no such showing, the Court finds she is not entitled to federal habeas relief on this claim.

Finally, the Court has considered Holt's claim that cumulative error deprived her of a fundamentally fair trial as guaranteed by the fourteenth amendment.[4] "'In the federal

---

[3] Evidence is sufficient to support a criminal conviction if, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis deleted)(citation omitted).

[4] Holt does not appear to challenge or object to Magistrate Judge Erwin's findings as to this claim for relief.

habeas context, the only otherwise harmless errors that can be aggregated are federal constitutional errors, and such errors will suffice to permit relief under [the] cumulative error doctrine "only when the constitutional errors committed in the state court trial so fatally infected the trial that they violated the trial's fundamental fairness."'" Littlejohn v. Trammell, 704 F.3d 817, 868 (10th Cir. 2013)(quoting Matthews v. Workman, 577 F.3d 1175, 1195 n.10 (10th Cir. 2009)(quoting Young v. Sirmons, 551 F.3d 942, 972 (10th Cir. 2008))); e.g., Grant v. Trammell, 727 F.3d 1006, 1025 (10th Cir. 2013).

As Magistrate Judge Erwin found, Holt has failed to show two or more constitutional errors; she therefore has failed to establish that she is entitled to relief under the cumulative error doctrine.

Based upon the foregoing, the Court

(1) ADOPTS the Report and Recommendation [Doc. 17] filed on October 22, 2013;

(2) DENIES Holt's Petition file-stamped September 13, 2012; and

(3) ORDERS that judgment in favor of respondent Millicent Newton-Embry issue forthwith.

ENTERED this 20th day of November, 2013.

LEE R. WEST
UNITED STATES DISTRICT JUDGE

5